STEPHEN B. MACDONALD   1545-0
RALPH J. O'NEILL   4705-0
MacDONALD RUDY BYRNS
  O'NEILL & YAMAUCHI
1001 Bishop Street, Suite 2650
Honolulu, Hawaii  96813
Telephone: (808) 523-3080

Attorneys for Defendant
NORTH AMERICAN SPECIALTY
INSURANCE COMPANY,
AS SUCCESSOR IN INTEREST TO
UNDERWRITERS INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| COASTAL CONSTRUCTION COMPANY, INC.,<br><br>          Plaintiff,<br><br>     vs.<br><br>NORTH AMERICAN SPECIALTY INSURANCE COMPANY, AS SUCCESSOR IN INTEREST TO UNDERWRITERS INSURANCE COMPANY; HASEKO HOMES, INC.; HASEKO CONSTRUCTION, INC.; JOHN DOES 1-10; JANE DOES 1-10: DOE PARTNERSHIPS 1-10; DOE COPRORATIONS 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10; and ROE GOVERNMENTAL ENTITIES 1-10;<br><br>          Defendants. | CIVIL NO. 10-00206 DAE BMK<br><br>COUNTERCLAIM PLAINTIFF NORTHERN AMERICAN SPECIALTY INSURANCE COMPANY, AS SUCCESSOR IN INTEREST TO UNDERWRITERS INSURANCE COMPANY'S COUNTERCLAIM FOR DECLARATORY JUDGMENT |

**COUNTERCLAIM PLAINTIFF NORTHERN AMERICAN SPECIALTY INSURANCE COMPANY, AS SUCCESSOR IN INTEREST TO UNDERWRITERS INSURANCE COMPANY'S COUNTERCLAIM FOR DECLARATORY JUDGMENT**

Defendant and Counterclaim Plaintiff North American Specialty Insurance Company ("North American") hereby counterclaims for declaratory judgment against Plaintiff and Counterclaim Defendant Coastal Construction Company, Inc. ("Coastal") as follows:

1.      North American is a corporation formed and existing under the laws of the State of New Hampshire, with its principal place of business in the State of New Hampshire.

2.      Effective July 1, 2001, North American assumed all of the past, present and future rights, liabilities and obligations of Underwriters Insurance Company ("UIC"), and thus North American is successor in interest to UIC.

3.      Coastal is a corporation formed and existing under the laws of the State of Hawaii, with its principal place of business in the State of Hawaii.

4.      The amount in controversy exceeds $75,000, exclusive of interest and costs, as the insurance policy for which Declaratory Judgment is sought has policy limits of at least $2 million, and the claimed damages and defense expenses in the underlying litigation are in excess of $75,000.

5.      This Court has subject matter jurisdiction under 28 U.S.C. Sections

1332 and 1441.

6.     Venue in this district is proper pursuant to 28 U.S.C. Sections 1391(a) and 1441(a).

7.     Haseko Homes, Inc. ("Haseko Homes") is the named insured under a written contract of insurance issued by North American's predecessor, UIC, Policy Number SRG00164, for the period of November 5, 1997 to November 5, 2001 (the "Insurance Contract").

8.     Coastal is also identified as an insured under the Insurance Contract.

9.     This is an insurance coverage dispute arising out of the development and construction by Haseko Homes and Haseko Construction, Inc. ("Haseko Construction") of certain homes, town homes and other residential units at the Ocean Pointe Project ("Ocean Pointe") located in the City and County of Honolulu, State of Hawaii.

10.    Haseko Homes and Haseko Construction contend that the residential units at Ocean Pointe were constructed using galvanized steel hurricane strap hold-downs which were designed, manufactured and sold by Simpson Strong-Tie Company, Inc. ("Simpson Strong-Tie") (the "Simpson straps"), that the Simpson straps were allegedly attached to the outermost edge of the concrete slab foundation of the residential units and attached to studs to provide a continuous tie from the foundation to the wall, and that the Simpson straps were part of a system

3

to prevent injury and damage to persons and/or property from wind uplift forces, such as those that would occur during hurricanes, and to comply with applicable building codes.

11.     Haseko Homes and Haseko Construction contend that, in or about 2005, several homeowners at Ocean Pointe first asserted claims against Haseko Homes and Haseko Construction related to spalling and cracking in the foundations of their residential units and requested that they make appropriate repairs.  Haseko Homes and Haseko Construction contend that it was then discovered that the Simpson straps in the residential units were prematurely deteriorating, causing damage to the concrete slab foundations, including spalling, cracking and deterioration of the concrete.

12.     In 2009, Simpson Strong-Tie, Honolulu Wood Treating Company, Ltd. ("Honolulu Wood Treating") and others were named as defendants in an action captioned *Ke Noho Kai Development, LLC, et al. v. Simpson Strong-Tie Company, Inc., et al.,* Civil No. 09-1-1491-06, filed in the Circuit Court of the First Circuit of Hawaii (the "*Steadfast* Action").  Haseko Homes, Steadfast Insurance Company and other plaintiffs in the *Steadfast* Action seek damages from Simpson Strong-Tie and Honolulu Wood Treating arising from the allegedly premature deterioration of the Simpson straps and damage to concrete slab foundations of the residential units at Ocean Pointe.  Simpson Strong-Tie and Honolulu Wood

Treating have filed a Third-Party Complaint seeking contribution and indemnity from Coastal and Foundations Hawaii for the plaintiffs' claims against them in the *Steadfast* Action.

13.     Coastal has tendered its defense in the *Steadfast* Action to North American.  North American has agreed to participate in the defense of Coastal in the *Steadfast* Action, subject however to a complete and full reservation of North American's rights including the right to disclaim coverage and/or a duty to defend and the right to bring the instant claim for declaratory relief.

14.     The Third-Party Complaint in the Steadfast Action and any future actions against Coastal seeking damages arising out of the use of the Simpson straps in the construction of residential units at Ocean Pointe are hereinafter referred to collectively as the "Underlying Actions."

15.     For multiple and separate reasons, the claims presented against Coastal in the Underlying Actions are not covered and/or are excluded from coverage under the Insurance Contract.

16.     For instance, as relates to the Underlying Actions, the Insurance Contract extends coverage, as set forth and described more fully in the contract, only for those sums which an insured becomes legally obligated to pay as damages because of "property damage" taking place during the policy period and caused by an "occurrence."  In the Underlying Actions, any sums which Coastal might

become legally obligated to pay as damages were not because of "property damage" taking place during the policy period and caused by an "occurrence."

17.    For instance, as relates to the Underlying Actions, the Insurance Contract expressly excludes coverage for risks such as property damage caused by expected or intended injury, damage to that part of any property that must be restored, repaired or replaced because the insured's "work" was incorrectly performed on the property, damage to the insured's "product" as defined under the contract, damage to the insured's "work" as defined under the contract, damage to "impaired property" as defined under the contract, and any damages awarded as punitive or exemplary damages.  In the Underlying Actions, any sums which Coastal might become legally obligated to pay as damages are thus excluded from coverage.

18.    North American has no contractual duty to defend or to indemnify with regard to the claims against Coastal in the Underlying Actions, and North American is entitled to reimbursement from Coastal for any sums it has incurred and/or will incur in the future in connection with the defense of Coastal in the Underlying Actions.

19.    There presently exists an actual and justiciable controversy between North American and Coastal concerning the interpretation and application of the Insurance Contract as it relates to the claims presented in the Underlying Actions.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment Re Duty To Defend)

20.     North American realleges and hereby incorporates by reference the allegations of paragraphs 1 through 19 above, as though set forth fully herein.

21.     North American is entitled to a declaration from the Court that, pursuant to the terms of the Insurance Contract and applicable law, it has no duty to defend Coastal in connection with any of the allegations in the Underlying Actions.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment Re Duty To Indemnify)

22.     North American realleges and hereby incorporates by reference the allegations of paragraphs 1 through 21 above, as though set forth fully herein.

23.     North American is entitled to a declaration from the Court that, pursuant to the terms of the Insurance Contract and applicable law, it has no duty to indemnify Coastal in connection with any of the allegations in the Underlying Actions.

## THIRD CLAIM FOR RELIEF
### (Reimbursement)

24.     North American hereby incorporates by reference the allegations of paragraphs 1 through 23 above, as though set forth fully herein.

25.     North American has paid or incurred substantial sums in connection with the defense of Coastal in the Underlying Actions and the investigation of

claims that resulted in the Underlying Actions.  All such sums were paid or incurred subject to a full and complete reservation of all North American's rights under the Insurance Contract, including the right to full reimbursement in the event that North American is found to have no duty to defend or indemnify. Accordingly, North American is entitled to a declaration from the Court that, pursuant to the terms of the Insurance Contract and the applicable law, Coastal must reimburse North American for all sums paid or incurred by North American in connection with the defense of Coastal in the Underlying Actions.

## **PRAYER FOR RELIEF**

Wherefore, North American seeks the following relief from the Court:

a.  As to the first claim for relief, a declaration that North American has no duty to defend Coastal in connection with any of the allegations in the Underlying Actions.

b.  As to the second claim for relief, a declaration that North American has no duty to indemnify Coastal in connection with any of the allegations in the Underlying Actions.

c.  As to the third claim for relief, a judgment for money damages in an amount to be proven at trial, reflecting all sums paid or incurred by North American in connection with the defense of Coastal in the Underlying Actions.

    d.  To the extent permissible by law, prejudgment interest, fees and costs.

    e.  For such other and further relief as the Court may deem just and

        proper.

DATED:  Honolulu, Hawaii, April 12, 2010.


                    /s/ Ralph J. O'Neill
                    STEPHEN B. MacDONALD
                    RALPH J. O'NEILL
                    Attorneys for Defendant and Counterclaim
                    Plaintiff NORTH AMERICAN
                    SPECIALTY INSURANCE COMPANY,
                    AS SUCCESSOR IN INTEREST TO
                    UNDERWRITERS INSURANCE
                    COMPANY