IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| COASTAL CONSTRUCTION COMPANY, INC., | ) ) ) | CV. NO. 10-00206 DAE-BMK |
| Plaintiff, | ) ) ) | FINDINGS AND RECOMMENDATION THAT PLAINTIFF COASTAL |
| vs. | ) ) ) | CONSTRUCTION COMPANY, INC.'S MOTION FOR REMAND |
| NORTH AMERICAN SPECIALTY INSURANCE COMPANY, AS SUCCESSOR IN INTEREST TO UNDERWRITERS INSURANCE COMPANY; HASEKO HOMES, INC.; HASEKO CONSTRUCTION, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10; and ROE GOVERNMENTAL ENTITIES 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | AND DEFENDANTS HASEKO HOMES, INC. AND HASEKO CONSTRUCTION, INC.'S MOTION FOR REMAND BE GRANTED IN PART AND DENIED IN PART |
| Defendants. | ) ) | |
| _____ | ) ) | |
| HASEKO HOMES, INC. and HASEKO CONTRUCTION, INC., | ) ) ) | |
| Third-Party Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | |
| CLARENDON AMERICA INSURANCE COMPANY and MARSH USA, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE | ) ) ) ) ) | |

PARTNERSHIPS 1-10; DOE        )
CORPORATIONS 1-10; DOE        )
ENTITIES 1-10; and DOE        )
ORGANIZATIONS 1-10,           )
                              )
              Third-Party Defendants.  )
_____  )

### FINDINGS AND RECOMMENDATION THAT PLAINTIFF COASTAL CONSTRUCTION COMPANY, INC.'S MOTION FOR REMAND AND DEFENDANTS HASEKO HOMES, INC. AND HASEKO CONSTRUCTION, INC.'S MOTION FOR REMAND BE GRANTED IN PART AND DENIED IN PART

Before the Court is Plaintiff Coastal Construction Company, Inc.'s ("Coastal") Motion for Remand (Doc. # 9) and Defendants Haseko Homes, Inc. and Haseko Construction, Inc.'s (collectively "Haseko") Motion for Remand (Doc. # 7).  The Court heard the motions on July 2, 2010.  After careful consideration of the motions, the supporting and opposing memoranda, and the arguments of counsel, the Court RECOMMENDS that the motions be GRANTED IN PART and DENIED IN PART.  Specifically, the Court RECOMMENDS that this action be REMANDED to the Circuit Court of the First Circuit, State of Hawaii ("state court").  The Court, however, RECOMMENDS that Coastal's and Haseko's requests for attorneys' fees and costs incurred as a result of removal be DENIED.

### FACTUAL BACKGROUND

2

Beginning in 1998, Haseko developed and built residential units ("units") at the Ocean Pointe project in Ewa Beach, Hawaii.  (Am. Compl. ¶ 8.) Haseko completed the project in three phases – Areas 1, 2, and 3.  (<u>Id.</u>)  Haseko obtained a Commercial General Liability Policy from Defendant Underwriters Insurance Company ("UIC") with a policy period of November 5, 1997 to November 5, 2001 ("UIC Policy").  (<u>Id.</u> ¶ 6.)  The UIC Policy provides, in part, that UIC "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."  (Am. Compl. Ex. 1 at 21.)  The UIC Policy also provides that UIC "will have the right and duty to defend the insured against any 'suit' seeking those damages."  (<u>Id.</u>)  The UIC Policy lists Haseko and all of its contractors, subcontractors, and sub-subcontractors as insureds.  (Am. Compl. Ex. 1 at 4.) Haseko obtained a separate insurance policy from Third-Party Defendant Clarendon America Insurance Company ("Clarendon") for the period of November 5, 2001 to November 5, 2003 ("Clarendon Policy").  (Opp'n at 4; <u>see also</u> Am. Compl. ¶ 30.)

Coastal was a subcontractor to Haseko and performed carpentry work on the units.  (Am. Compl. ¶ 10.)  As part of its designated work, Coastal installed the framework on the units' concrete slab foundations.  (<u>Id.</u> ¶ 13.)  It also attached

galvanized steel hurricane hold-down straps ("hold-down straps"), which were

previously installed around the outermost edge of the foundations, to wall studs.

(<u>Id.</u> ¶¶ 12, 13.)  The hold-down straps were designed, manufactured, and sold by

Simpson Strong-Tie Company, Inc. ("Simpson").  (<u>Id.</u> ¶ 12.)  Pursuant to its

subcontracts with Haseko, Coastal was required to enroll in Haseko's Owner

Controlled Insurance Program ("OCIP") and pay premiums to Haseko.  (<u>Id.</u> ¶ 10.)

Coastal participated in the OCIP as required, and as a result, allegedly lost

coverage under its own commercial general liability policies for its work on the

Ocean Pointe project.  (<u>Id.</u> ¶ 11.)

Beginning in 2005, several Ocean Pointe homeowners asserted claims

against Haseko for spalling and cracking in their units' foundations and requested

that Haseko make repairs.  (<u>Id.</u> ¶ 14.)  Upon investigation, Haseko determined that

the hold-down straps were prematurely deteriorating, causing the damage to the

foundations.  (<u>Id.</u>)  Haseko made repairs to some of the affected units, which

included repairing the foundations and removing and replacing the deteriorating

hold-down straps.  (<u>Id.</u> ¶ 15.)

On November 13, 2009, Haseko and others filed an amended

complaint in state court against Simpson and other defendants.  (Am. Compl.

Ex. 2.)  The amended complaint asserted claims for, among other things, strict

product liability, product liability, negligence, negligent misrepresentation, breach of express and implied warranties, and breach of contract.  (Id.)  On December 9, 2009, Simpson and another defendant filed a third-party complaint against Coastal and others.  (Am. Compl. Ex. 3 at 13.)  The third-party complaint asserted that if the plaintiffs were injured and/or damaged as the amended complaint alleged, "such injuries and/or damages were due to the negligence, fault, breach of contract, breach of warranty, or strict liability of [the t]hird-[p]arty [d]efendants and not [the t]hird-[p]arty [p]laintiffs." (Id. at 16.)  The third-party complaint asserted that should judgment be entered against the third-party plaintiffs, the third-party plaintiffs are entitled to indemnity, contribution, and/or reimbursement from the third-party defendants.  (Id.)

Coastal tendered the defense of the claims asserted against it in the third-party complaint ("third-party claims") to Defendant North American Specialty Insurance Company, as successor in interest to UIC (collectively "NAS").  (Coastal Mem. in Supp. of Mot. at 4.)  In a letter to Coastal dated February 10, 2010, NAS acknowledged that "Coastal is listed as an enrolled contractor under the UIC Policy." (Am. Compl. Ex. 4 at 2.)  NAS stated that it will defend Coastal against the third-party claims, but such defense is "subject to a full reservation of [NAS's] rights and defenses." (Id.)  NAS set forth what its

5

reservation of rights and defenses includes, and stated that its right to later deny

coverage "shall include any additional grounds as may be revealed." (<u>Id.</u> at 3-9.)

On February 23, 2010, Coastal filed the instant action against NAS

and Haseko in state court. (Notice of Removal ¶ 1.) Coastal amended its

complaint on February 25, 2010. (Doc. # 1 Ex. A.) Coastal's amended complaint

asserts two causes of action, the first of which is labeled, "breach of contract." (<u>Id.</u>

at 8.) In that cause of action, Coastal alleges that under the UIC Policy, NAS is

required to defend and indemnify Haseko's subcontractors participating in

Haseko's OCIP. (Am. Compl. ¶ 21.) Coastal alleges that despite its participation

in the OCIP, NAS has failed to unconditionally provide coverage for the claims

asserted against it in the third-party complaint. (<u>Id.</u> ¶ 22.) Coastal notes that NAS

has "reserved its rights to contest coverage, and to later assert defenses and/or deny

coverage." (<u>Id.</u>) Coastal alleges that as to Haseko, Coastal was led to believe that

for the period of November 5, 1997 to November 5, 2001, it was enrolled in

Haseko's OCIP and therefore insured under the UIC Policy. (<u>Id.</u> ¶ 23.) Coastal

alleges that despite its enrollment in the OCIP, and payment of premiums to

Haseko, Haseko has "failed to provide unconditional defense, and unconditional

indemnification for the claims asserted in [the] third-party complaint." (<u>Id.</u> ¶ 24.)

Coastal alleges that should it be determined that the UIC Policy does not cover said

claims, Haseko "will have breached the terms of its agreement to insure Coastal under the [OCIP]." (Id. ¶ 25.) Coastal asserts that based on the foregoing, "[a]n actual controversy of a justiciable nature presently exists between [it], [NAS], and Haseko" concerning the rights and obligations of the parties with respect to the third-party claims. (Id. ¶ 26.) Coastal asserts that a judicial declaration is necessary at this time as it faces "extensive defense costs and potential liability in excess of $40 million . . . ." (Id. ¶ 27.) Specifically, Coastal seeks a judgment declaring that NAS is obligated under the UIC Policy to defend and indemnify it with respect to the third-party claims. (Prayer for Relief ¶ 1.) Coastal requests that should such a judgment not be issued, Haseko be ordered to defend and indemnify it with respect to said claims. (Am. Compl. ¶ 25.)

Coastal's second cause of action, labeled "failure to properly insure," is against only Haseko. (Doc. # 1 Ex. A at 10.) In this cause of action, Coastal alleges that it was led to believe that for the period of November 5, 2001 to November 5, 2003, it was enrolled in Haseko's OCIP and therefore insured under the Clarendon Policy. (Am. Compl. ¶ 30.) Coastal alleges that during that time period, it constructed units in Areas 1C and 1D. (Id.) It alleges that it was recently informed by Haseko that the Clarendon Policy covers only those units constructed in Area 1D, and that Coastal is potentially without insurance coverage for the units

7

constructed in Area 1C.  (Id. ¶ 31.)  Coastal asserts that Haseko "negligently failed to secure proper insurance coverage for the period of November 5, 2001 through November 5, 2003, and/or failed to insure Coastal under the [OCIP]."  (Id. ¶ 32.) Coastal therefore seeks a judgment declaring that, should it be determined there is no insurance coverage for the units constructed during the period of November 5, 2001 to November 5, 2003, Haseko is obligated to defend and indemnify it with respect to the third-party claims.  (Id. ¶ 33; Prayer for Relief ¶ 2.)

On March 2, 2010, Haseko answered Coastal's amended complaint and filed a third-party complaint against Clarendon and Marsh USA, Inc. ("Marsh").  (Notice of Removal ¶ 2.)

On April 8, 2010, NAS removed the action from state court to this Court on the basis of diversity jurisdiction.  (Doc. # 1.)  In its notice of removal, NAS acknowledges that Coastal and Haseko are both citizens of Hawaii, as they are both Hawaii corporations.  (Notice of Removal ¶¶ 4, 5.)  NAS, however, asserts that Haseko's presence should be ignored for purposes of jurisdictional analysis because it was fraudulently joined.  (Id.)

On May 3, 2010, Coastal and Haseko filed motions for remand, arguing that Haseko was not fraudulently joined and therefore, this Court does not have diversity jurisdiction.  (Docs. ## 7, 9.)  The movants request awards of

attorneys' fees and costs incurred as a result of removal pursuant to 28 U.S.C.

§ 1447(c).  (Coastal Mem. in Supp. of Mot. at 13-14; Haseko Mem. in Supp. of

Mot. at 12-13.)  NAS filed an opposition on June 11, 2010, in which Clarendon

joined.  (Docs. ## 17, 36.)  The movants filed replies to NAS's opposition on

June 18, 2010.  (Docs. ## 25, 26.)  Marsh has no position with respect to the

instant motions.  (Docs. ## 34, 35.)

DISCUSSION

I.    Jurisdiction

As mentioned above, Coastal's amended complaint consists of two

causes of action.  NAS argues that removal was proper based on diversity because

Haseko was fraudulently joined with respect to both causes of action.  Specifically,

NAS argues that Haseko was fraudulently joined to Coastal's first cause of action

because that cause of action fails to state a claim against Haseko.  NAS appears to

argue that as to the second cause of action, there was improper joinder of Haseko

under Rule 20 of the Federal Rules of Civil Procedure ("Rule 20"), and such

misjoinder is so "egregious" as to constitute a fraudulent joinder.  The Court

addresses NAS's arguments for removal in turn.

A.    Fraudulent joinder

A civil action filed in state court may be removed to federal district

9

court only if the action could have brought in the federal district court originally.

28 U.S.C. § 1441(a) and (b); Matheson v. Progressive Speciality Ins. Co., 319 F.3d

1089, 1090 (9th Cir. 2003).  Federal district courts have original jurisdiction over

all civil actions where the amount in controversy exceeds $75,000, exclusive of

interest and costs, and there is complete diversity of citizenship.  28 U.S.C. §

1332(a)(1); Matheson, 319 F.3d at 1090.  Complete diversity of citizenship

requires that each of the plaintiffs be a citizen of a different state than each of the

defendants.  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001)

(citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).

          One exception to the requirement of complete diversity "is where a

non-diverse defendant has been fraudulently joined."  Hunter v. Philip Morris

USA, 582 F.3d 1039, 1043 (9th Cir. 2009) (quoting Morris, 236 F.3d at 1067).

Fraudulent joinder "is a term of art."  Morris, 236 F.3d at 1067 (quoting McCabe v.

Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)) (quotations omitted).

"Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's

presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the

plaintiff fails to state a cause of action against a resident defendant, and the failure

is obvious according to the settled rules of the state.'"  Id. (quoting McCabe,

811 F.2d at 1339) (alteration in original).  There is a "general presumption against

10

fraudulent joinder . . . ."  Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).  Thus, fraudulent joinder must be proven by clear and convincing evidence.  Id.  Additionally, removal statutes are to be strictly construed against removal, and any doubt as to the right of removal must be resolved in favor of remand.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In determining whether there has been fraudulent joinder, "'[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.'"  County of Hawaii v. Unidev, LLC, Civ. No. 09-00368 ACK-LEK, LLC, 2010 WL 520696, at *4 (D. Haw. Feb. 11, 2010) (quoting Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc)) (alteration in original).  The removing defendant must show "that there is no possibility, based on the pleadings, that [the] plaintiff can state a cause of action against the non-diverse defendant in state court."  Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998); see also Morris, 236 F.3d at 1068 (upholding the district court's finding of fraudulent joinder as it was "abundantly obvious that [the plaintiff] could not possibly prevail on her negligent misrepresentation claim"); Cont'l Ins. Co. v. Foss Mar. Co., No. C 02-3936 MJJ,

2002 WL 31414315, at *6 (N.D. Cal. Oct. 23, 2002) (noting that "the standard is not whether [the] plaintiffs will actually or even probably prevail on the merits, but whether there is any possibility that they may do so") (citation omitted); Kalawe v. KFC Nat'l Mgmt. Co., Civ. No. 90-00779 ACK, 1991 WL 338566, at *2 (D. Haw. July 16, 1991) (noting that a party is deemed to have been fraudulently joined if "the plaintiff could not possibly recover against the party whose joinder is questioned").  In addition to examining the complaint, "the court may go outside the pleadings, and the defendant may present facts showing that the joinder is fraudulent." Lovell v. Bad Ass Coffee Co. of Haw., Inc., 103 F. Supp. 2d 1233, 1237 (D. Haw. 2000).  However, all disputed questions of fact and all uncertainties in the controlling state law must be resolved in favor of the plaintiff.  Kalawe, 1991 WL 338566, at *2 (citations omitted).

In this case, the parties do not dispute that Coastal and Haseko are both citizens of Hawaii.  Thus, in order for this Court to retain jurisdiction on the basis of diversity, NAS must prove by clear and convincing evidence that Haseko was fraudulently joined.  NAS argues that Haseko was fraudulently joined to Coastal's first cause of action because that cause of action is for breach of contract, and Coastal has failed to state a breach of contract claim against Haseko under Hawaii law.  (Opp'n at 17.)  NAS argues, "The false premise of the attempted

breach of contract claim against [Haseko] is that [Haseko was] somehow contractually obligated to provide coverage for the claims against Coastal."  (Id. at 2.)

The movants argue that the issue is not whether Coastal's first cause of action states a breach of contract claim against Haseko, but whether that cause of action states any claim against Haseko under Hawaii law.  (Coastal Reply at 3; Haseko Reply at 9.)  The movants argue that Coastal's first cause of action states a claim for declaratory relief against Haseko pursuant to Hawaii Revised Statutes ("H.R.S.") § 632-1.  (Coastal Mem. in Supp. of Mot. at 11-12; Coastal Reply at 3; Haseko Mem. in Supp. of Mot. at 10-11; Haseko Reply at 9-11.)

The Court concludes that NAS has failed to meet its burden of proving fraudulent joinder.  NAS relies on Au v. Au, 63 Haw. 210, 626 P.2d 173 (1981), in support of its argument that Coastal has failed to state a breach of contract claim against Haseko, and such failure is obvious under Hawaii law.  In Au, the Hawaii Supreme Court affirmed the dismissal of a claim for breach of contract on the ground that the complaint did not specify which contractual provisions were allegedly breached.  Id. at 221, 626 P.2d at 181.  Here, however, Coastal's first cause of action requests a *judicial declaration* with respect to the parties' contractual obligations pursuant to H.R.S. § 632-1.  The Court, therefore,

13

is not entirely convinced that <u>Au</u> is applicable to the claims asserted in this case.

H.R.S. § 632-1 provides:

> Relief by declaratory judgment may be granted in civil cases where an actual controversy exists between contending parties, or where the court is satisfied that antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation, or where in any such case the court is satisfied that a party asserts a legal relation, status, right, or privilege in which the party has a concrete interest and that there is a challenge or denial of the asserted relation, status, right, or privilege by an adversary party who also has or asserts a concrete interest therein, and the court is satisfied also that a declaratory judgment will serve to terminate the uncertainty or controversy giving rise to the proceeding.

In <u>Kaho'ohanohano v. State</u>, 114 Haw. 302, 162 P.3d 696 (2007), the Hawaii Supreme Court explained that the granting of declaratory relief is proper only where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, or sufficient immediacy and reality to warranty a declaratory judgment" and "the court is satisfied also that a declaratory judgment will serve to terminate the uncertainty or controversy giving rise to the proceeding." <u>Id.</u> at 332, 162 P.3d at 726 (citations and quotations omitted).

Coastal alleges that for the period of November 5, 1997 to November 5, 2001, it was led to believe that it was enrolled in Haseko's OCIP and therefore insured under the UIC Policy. (Am. Compl. ¶ 23.) Coastal asserts that

14

despite its enrollment in the OCIP and payment of premiums to Haseko, Haseko has "failed to provide unconditional defense, and unconditional indemnification for the claims asserted in [the] third-party complaint." (Id. ¶ 24.)  Coastal asserts that should the UIC Policy not cover the claims asserted against it in the third-party complaint, "Haseko will have breached the terms of its agreement to insure Coastal under the [OCIP]." (Id. ¶ 25.)  Coastal asserts that in such a case, Haseko should be required to defend and indemnify Coastal for said claims.  (Id.)  Coastal asserts that based on the foregoing, "[a]n actual controversy of a justiciable nature presently exists between [it], [NAS], and Haseko" concerning the rights and obligations of the parties with respect to the third-party claims.  (Id. ¶ 26.)  Coastal therefore requests a judgment declaring the rights and obligations of the parties, claiming that it faces "extensive defense costs and potential liability in excess of $40 million . . . ." (Id. ¶ 27.)

        Given the allegations in Coastal's amended complaint, the Court cannot conclude that NAS has shown, by clear and convincing evidence, that there is no possibility that Coastal's first cause of action states a claim for declaratory relief against Haseko in state court with respect to the parties' contractual obligations.  As stated above, any uncertainty in the controlling state law mut be resolved in favor the plaintiff.  Kalawe, 1991 WL 338566, at *2 (citations omitted).

15

Furthermore, removal statutes are to be strictly construed against removal, and any doubt as to the right of removal must be resolved in favor of remand. Gaus, 980 F.2d at 566. The Court therefore rejects NAS's argument that Haseko was fraudulently joined to this cause of action.

     B.    <u>Fraudulent misjoinder</u>

As mentioned above, Coastal's second cause of action is against only Haseko. NAS appears to request that the Court sever and retain jurisdiction over this cause of action pursuant to the fraudulent misjoinder exception to the requirement of complete diversity. NAS relies on <u>Tapscott v. MS Dealer Service Corp.</u>, 77 F.3d 1353 (11th Cir. 1996), *overruled on other grounds by* <u>Cohen v. Office Depot, Inc.</u>, 204 F.3d 1069 (11th Cir. 2000) in support of its request. In <u>Tapscott</u>, 77 F.3d at 1360, the Eleventh Circuit noted that the "egregious" misjoinder of parties, as measured by Rule 20 standards, "may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action." The Eleventh Circuit therefore upheld a district court's decision to disregard the citizenships of improperly joined, non-diverse defendants and sever and remand the remainder of the action to the state court. <u>Id.</u> NAS argues that in this case, Coastal's second cause of action against Haseko was improperly joined to Coastal's first cause of action because the two causes of actions concern

16

"separate and distinct" insurance policies.  (Opp'n at 19-20.)

The fraudulent misjoinder exception has been characterized as a "new concept" that "appears to be part of the doctrine of fraudulent joinder." Osborn v. Metro. Life Ins. Co., 341 F. Supp. 2d 1123, 1127 (E.D. Cal. 2004) (citation and quotations omitted).  The Ninth Circuit has not addressed the issue of fraudulent misjoinder.  See id.  District courts in the Ninth Circuit are split concerning the applicability of the exception and the circumstances in which the exception applies. See Sutton v. Davol, Inc., 251 F.R.D. 500, 504 (E.D. Cal. 2008).  However, assuming arguendo that the fraudulent misjoinder exception is viable, the Court concludes that NAS has not shown that Coastal's joinder of Haseko was improper, much less "egregious," under Rule 20 standards.

Rule 20 provides that persons may be joined in an action as defendants if "[1] any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [2] any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir.

1977) (citation omitted).  "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."  <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 724 (1966).

Applying the foregoing principles to the instant case, the Court concludes that the joinder of Haseko was proper.  Construed liberally, Coastal's right to relief against NAS and Haseko arise out of or relate to the same transaction or series of transactions, that is, Coastal's participation in the OCIP.  (Am. Compl. ¶¶ 21, 23-25, 30-32.)  There are questions of law and fact common to both Defendants as Coastal claims it is entitled to defense and indemnification as a result of such participation.  (<u>Id.</u> ¶¶ 21, 30-32; Prayer for Relief ¶ 2.)  Accordingly, the Court rejects NAS's argument that the joinder of Haseko was so egregious under Rule 20 as to warrant application of the fraudulent misjoinder exception this case.

As set forth above, the Court rejects both of NAS's arguments that Haseko was fraudulently joined.  Thus, the Court FINDS that Haseko's presence in the action defeats diversity jurisdiction.  The Court therefore RECOMMENDS that Coastal's and Haseko's requests for remand be GRANTED.

II.      <u>Attorneys' Fees and Costs</u>

18

The movants request that, should the action be remanded to state court, they are entitled to awards of attorneys' fees and costs incurred as a result of removal pursuant to 28 U.S.C. § 1447(c).  (Coastal Mem. in Supp. of Mot. at 13-14; Haseko Mem. in Supp. of Mot. at 12-13.)  Section 28 U.S.C. § 1447(c) provides, "An order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal."  The standard for awarding attorney's fees when remanding a case to state court "should turn on the reasonableness of the removal." <u>Lussier v. Dollar Tree Stores, Inc.</u>, 518 F.3d 1062, 1065 (9th Cir. 2008) (quoting <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005)) (quotations omitted).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." <u>Martin</u>, 546 U.S. at 141).

The movants argue that in this case, NAS lacked an objectively reasonable basis for seeking removal on the ground of fraudulent joinder.  (Coastal Mem. in Supp. of Mot. at 13.)  The movants argue that NAS was aware of the heavy burden it faced in proving fraudulent joinder and should have considered whether it could have satisfied such a burden before removing the action to this Court.  (<u>Id.</u> at 13-14; Haseko Mem. in Supp. of Mot. at 13.)

19

While the Court concludes that NAS's arguments for fraudulent joinder lack merit, the Court does not find NAS's arguments to be objectively unreasonable as to warrant payment of attorneys' fees and costs.  See Lussier, 518 F.3d at 1065 (noting that while "[t]here is no question that [the defendant's] arguments were losers[,] . . . removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted").  Haseko, itself, found the claims asserted in Coastal's amended complaint to be "inelegantly stated."  (Haseko Reply at 11.)  The Court RECOMMENDS that Coastal's and Haseko's requests for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c) be DENIED.

<u>CONCLUSION</u>

In accordance with the foregoing, the Court RECOMMENDS that Coastal's Motion for Remand (Doc. # 9) and Haseko's Motion for Remand (Doc. # 7) be GRANTED IN PART and DENIED IN PART.  Specifically, the Court RECOMMENDS that the district judge GRANT Coastal's and Haseko's requests to remand the action to state court, and DENY their requests for attorneys' fees and costs incurred as a result of removal.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, July 14, 2010.



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Coastal Construction Co., Inc. v. North American Specialty Insurance Co., as Successor in Interest to Underwriters Insurance Co., et al., CV. NO 10-00206 DAE-BMK; FINDINGS AND RECOMMENDATION THAT PLAINTIFF COASTAL CONSTRUCTION COMPANY, INC.'S MOTION FOR REMAND AND DEFENDANTS HASEKO HOMES, INC. AND HASEKO CONSTRUCTION, INC.'S MOTION FOR REMAND BE GRANTED IN PART AND DENIED IN PART.